**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| AMY ANDERSON, | : | CIVIL CASE NO. |
|     Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | |
| THE HOUSING AUTHORITY OF THE | : | |
| CITY OF DANBURY | : | |
|     Defendant | : | APRIL 17, 2020 |

## COMPLAINT

### I. PRELIMINARY STATEMENT

1. This action seeks declaratory and monetary relief; liquidated damages; and costs and attorney fees pursuant to the provisions of Title 29 U.S.C. §216(b) to remedy the defendant's intentional failure to properly pay the plaintiff overtime compensation, in violation of the provisions of Title 29 U.S.C. §207.

2. Further, this action seeks declaratory and monetary relief; liquidated damages; and costs and attorney fees pursuant to the provisions of the Equal Pay Act, Title 29 U.S.C. §206 (d) (1) to remedy the gender discrimination relative to the salary the defendant paid to the plaintiff, a female employee, in comparison to its male employees.

## II. JURISDICTION

3. This action arises and jurisdiction is conferred upon the Court pursuant to the provisions of Title 29 U.S.C. §216(b).

4. Jurisdiction is further invoked pursuant to Title 28 U.S.C. §1331.

## III. VENUE

5. This action properly lies in the District of Connecticut pursuant to Title 28 U.S.C. §1391(b)(2), as well as Title 28 U.S.C. §1391(c).

## IV. PARTIES

6. The plaintiff is a female citizen of the United States and resides in the State of Connecticut.

7. The defendant is a political subdivision of the State of Connecticut and an administrative agency of the City of Danbury.

8. The plaintiff is an employee as that term is defined by Title 29 U.S.C. § 203 (e)(2).

9. The defendant is an employer as that term is defined by Title 29 U.S.C. § 203 (d).

## V. FIRST CAUSE OF ACTION - Violation of Fair Labor Standards Act

10. The defendant is an employer subject to the requirements of the Fair Labor Standards Act, Title 29 U.S.C. §201, et seq.

11. The defendant is an enterprise engaged in commerce and/or in the production of goods for commerce in that it has employees engaged in commerce and/or the production of goods for commerce and/or has employees handling, selling, or otherwise working on goods or materials that have been moved in and/or produced for commerce.

12. The defendant is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.00.

13. "Enterprise engaged in commerce or in the production of goods for commerce" is defined to include the "activity of a public agency." 29 U.S.C.. § 203(s)(1)(C).

14. A "public agency" means "the government of a State or political subdivision thereof; any agency of ... a State, or a political subdivision of a State." *Id.* § 203(x).

15. In July of 2014, the plaintiff was hired by the defendant as a Property Coordinator.

16. From the very beginning of the plaintiff's employment with the defendant, the plaintiff was employed by the defendant for a work week longer than 40 hours for which she was not compensated at the rate of one and one-half (1½) times the

regular rate at which she was employed by the defendant for the hours she worked in excess of 40 hours.

17. For the calendar year 2017, the plaintiff worked a total of 110 hours beyond her 40-hour work week.

18. For the calendar year 2018, the plaintiff worked a total of 147 hours beyond her 40-hour work week.

19. For the calendar year 2019, the plaintiff worked a total of 130.75 hours beyond her 40-hour work week.

20. For the period from April 17, 2017, to December 31, 2019, the plaintiff had worked a total of 357.50 hours of overtime work for which she was not compensated by the defendant at one and one-half (1 ½ ) times her regular hourly rate of pay for the hours she worked in excess of 40 hours for any given week.

21. The practices of the defendant in not compensating the plaintiff one and one-half (1½) times her regular rate for the hours she worked in excess of 40 hours violates the provisions of Title 29 U.S.C. §207(a)(1).

22. The defendant willfully violated the provisions of Title 29 U.S.C. §207(a)(1) when it failed to compensate the plaintiff at a rate of at least one and one-half

(1½) times the plaintiff's regular rate for the hours she worked in excess of her 40-hour work week.

23. The plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this action for permanent injunction and other relief is her only means of securing adequate relief.

24. The plaintiff is suffering and will continue to suffer irreparable injury from the wrongful actions of the defendant as stated above.

25. As a result of the defendant's unlawful actions, the plaintiff has suffered economic losses.

**VI.     SECOND CAUSE OF ACTION - Violation of The Equal Pay Act**

26-40. Paragraphs 1-15 are hereby made Paragraphs 26-40.

41. On her hiring by the defendant as a Property Coordinator, the plaintiff was paid the salary of $58,000.00.

42. The plaintiff's male co-worker, Guido Gualpa, was hired by the defendant as a Property Coordinator in August 2013 at a salary of $62,000.00.

43. Each year, the plaintiff and Guido Gualpa receive a 3% pay increase.

44. The duties and responsibilities of the plaintiff's position as Property Coordinator are the same as Guido Gualpa's duties and responsibilities as a Property Coordinator.

45. The defendant engaged in policies and practices which willfully discriminated against the plaintiff on the basis of her gender by paying her a substantially lower salary than that paid to her male co-worker, Guido Gualpa, who works in the identical position of Property Coordinator, with the same duties and responsibilities as the plaintiff.

46. The plaintiff has been required by the defendant as a Property Coordinator to perform the same or substantially similar job duties as her male co-worker, Guido Gualpa, and which require, as compared to her male co-worker, equal skill, effort, and responsibility, and under the same working conditions in the same establishment.

47. The above acts of the defendant violate the provisions of Title 29 U.S.C. § 206 (d)(1).

48. The plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this action for permanent injunction and other relief is her only means of securing adequate relief.

49. The plaintiff is suffering and will continue to suffer irreparable injury from the wrongful actions of the defendant as stated above.

50. As a result of the defendant's unlawful actions, the plaintiff has suffered economic losses.

## VII. PRAYER FOR RELIEF

**WHEREFORE, THE PLAINTIFF PRAYS THAT THIS COURT:**

### As to the First Cause of Action:

(1) Declare the conduct engaged by the defendant to be in violation of Title 29 U.S.C. §207(a)(1);

(2) Declare the conduct engaged by the defendant to be a willful violation of the Fair Labor Standards Act;

(3) Award plaintiff damages in the amount of her unpaid overtime compensation;

(4) Award the plaintiff liquidated damages in an amount equal to her unpaid overtime compensation;

(5) Award the plaintiff a reasonable attorney's fee and costs of this action;

(6) Grant such other and further relief as the Court may deem just and proper.

**As to the Second Cause of Action:**

(1)  Declare the conduct engaged by the defendant to be in violation of Title 29 U.S.C. §206(d)(1);

(2)  Declare the conduct engaged by the defendant to be a willful violation of the Fair Labor Standards Act;

(3)  Award plaintiff monetary damages;

(4)  Award the plaintiff liquidated damages;

(5)  Award the plaintiff a reasonable attorney's fee and costs of this action;

(6)  Grant such other and further relief as the Court may deem just and proper.

**THE PLAINTIFF REQUESTS A TRIAL BY JURY.**

THE PLAINTIFF – AMY ANDERSON

BY:  /s/ Thomas W. Bucci
Thomas W. Bucci
Fed Bar # ct07805
Attorney for Plaintiff
WILLINGER, WILLINGER & BUCCI, P.C.
1000 Bridgeport Avenue, Suite 501
Shelton, CT 06484
Tel: 203-366-3939
Fax: 475-269-2907
Email: thomaswbucci@outlook.com